28248.   McELWANEY *v.* THE STATE.

Decided October 25, 1941.

*F. A. Sams, Lester Dickson,* for plaintiff in error.
*F. E. Strickland, solicitor-general,* contra.

BROYLES, C. J.   The defendant was convicted of the offense of knowingly permitting apparatus for the distilling of whisky to be located on his premsies.   The evidence for the State disclosed that

numerous whisky "stills" had been found on or near the premises of the defendant, some of them near to his dwelling house, but as to most of these stills the witnesses were uncertain whether they were on the defendant's land.  However, there was one still which was definitely located by the evidence as being in a certain cornfield *on his land* and near his dwelling house, he having rented the land from Dr. Howard.  It is true that the defendant's father (a witness for the accused) testified that he (the witness) had rented from his son that part of the land on which was the still, and had put it (the land) in corn, and that he and not the defendant had the actual possession of it.  He stated that he did not live with his son or on the land which he rented from him, but on a separate place.  He testified further:  "If there was a still or two whisky stills found in that corn patch they were not my stills.  I did not put them there, and when I laid the corn by and when I gathered the corn it was torn up.  I did not see but one still torn up in the corn patch.  I did not put that still there."

It is well-settled law that the jury, in a criminal case, in listening to the testimony of a witness, have the authority to consider his appearance and demeanor while testifying, his interest, if any, in the case, and the probability or improbability of his testimony, and to believe it or reject it, or to believe a part of it and to reject other parts, and especially is this true where the witness is a near relative of the accused and is vitally interested in the outcome of the case. In this case we can not hold that the jury were not authorized to believe the defendant's father when he testified that the still was on the land which had been rented by his son from Dr. Howard, and to disbelieve his statement that he had rented that part of the land from his son and that his son was not in actual possession thereof.  We think the evidence authorized the verdict.

The assignment of error upon the refusal of the court to allow counsel for the accused to make the opening and concluding arguments to the jury is without merit.  In every criminal case, counsel for the State has the right to open and conclude the argument, except where the accused introduces no evidence.  Code, § 27-2201; *Mize* v. *State*, 135 *Ga.* 291 (2) (69 S. E. 173).

The evidence connecting the accused with the offense charged was not wholly circumstantial, and therefore the failure of the court to

charge the law of circumstantial evidence was not error, there being no timely written request for such a charge.

*Judgment affirmed. MacIntyre, J., concurs.*

GARDNER, J., concurring specially. I think the positive evidence was sufficient to convict the defendant, aside from the evidence of his father, and that the jury was authorized to believe the testimony of the father to be true and consistent with guilt of the defendant, without imputing perjury to the father.