40905. REED v. THE STATE.

Decided September 22, 1964.

306

*Wyatt & Wyatt,* for plaintiff in error.

*Wright Lipford, Solicitor General, E. W. Fleming, Assistant Solicitor General,* contra.

Russell, Judge. "It is well-settled law that the jury, in a criminal case, in listening to the testimony of a witness, have the authority to consider his appearance and demeanor while testifying, his interest, if any, in the case, and the probability or improbability of his testimony, and to believe it or reject it, or to believe a part of it and to reject other parts, and especially is this true where the witness is a near relative." *McElwaney v. State,* 66 Ga. App. 112 (17 SE2d 202). From the testimony set out above, the jury might have concluded (a) that the victim

never went to the defendant's home at all, but the defendant came out with an axe and without any provocation hit him in the head; (b) that the victim and others went into the defendant's house in an aggressive and obstreperous manner and were forced out, but the defendant then followed them into the road and swung the axe in anger rather than self-defense; (c) that the victim, his brother and cousin were attacking the defendant with knives and a gun and the defendant swung at them in self-defense. Only in the last of these circumstances might the defendant have been justified under the theory of self-defense or defense of habitation. The evidence, accordingly, did not demand a finding of justification, and there was no error in overruling the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*